# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 17-CV-5965 (JFB)(GRB)

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, AND LABOR MANAGEMENT COOPERATION FUNDS,

Petitioners,

VERSUS

MM LAKESIDE CONSTRUCTION INC.,

Respondent.

---

**MEMORANDUM AND ORDER**
October 5, 2018

---

JOSEPH F. BIANCO, District Judge:

Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("petitioners" or "the Funds") commenced this action to confirm an arbitration award obtained against MM Lakeside Construction Incorporated ("respondent" or "MM Lakeside Construction"). Petitioners also moved to recover attorney's fees and costs in connection with this action. For the reasons set forth below, the Court confirms the arbitration award and grants petitioners' motion for fees and costs.

## I. BACKGROUND

### A. Facts

The Court takes the following facts from the Funds' amended petition to confirm an arbitration award ("Am. Pet.") and accompanying exhibits. (ECF No. 8.)

At all relevant times, MM Lakeside Construction was bound to a collective bargaining agreement ("the CBA") with the Northeast Regional Council of Carpenters ("the Union"). (Am. Pet. ¶ 7; Exs. A, B.) Under the CBA, employers such as MM Lakeside Construction are required to make contributions to the Funds for all work performed within the Union's trade and geographical jurisdiction. (Am. Pet. ¶ 8; Ex. B.) The CBA provides that "[f]ailure on the part of the Employer to make the required contributions . . . shall make the Employer liable for all contributions due, all collection costs including auditing and attorney fees, 20% of total due each Fund as liquidated damages, plus interest," and that "[t]he Employer agrees to comply with the collections policy enacted by the governing

body of the designated recipient." (Am. Pet. Ex. B art. 16(b).)

The Funds established a Joint Policy for Collection of Delinquent Contributions ("the Collection Policy"). (Am. Pet. ¶ 11; Ex. C.) If an employer is found delinquent in its contributions, the Collection Policy awards, in addition to the delinquent contributions, interest, liquidated damages, attorney's fees, arbitration fees, and audit costs. (Am. Pet. ¶¶ 12, 13, 16; Ex. C. arts. 2.1(C), 6.1, 6.2, 6.3.) The Collection Policy subjects disputes relating to an employer's failure to remit contributions to arbitration before the Funds' designated arbitrator. (Am. Pet. ¶ 15; Ex. C art. 2.2.)

Petitioners initiated arbitration under the Collection Policy and mailed MM Lakeside Construction a Notice of Intent to Arbitrate Delinquency dated June 20, 2017. (Am. Pet. ¶ 17; Ex. D.) The arbitrator thereafter held a hearing, found that MM Lakeside Construction had violated the CBA by failing to make the required contributions to the Funds between January 1, 2014 and December 31, 2016, and ordered MM Lakeside Construction to pay the Funds $28,220.73 (representing $16,342.95 in deficiencies, $4,999.19 in interest, $3,268.59 in liquidated damages, $1,960.00 in audit costs, $900.00 in attorney's fees, and $750.00 for the arbitrator's fee). (Am. Pet. ¶¶ 18-19; Ex. E.)

In November 2017, respondent paid petitioners $16,342.95, representing the principal deficiency amount. (Am. Pet. ¶ 20.) Respondent has failed to pay petitioners the amounts awarded for interest, liquidated damages, audit costs, attorney's fees, and the arbitrator's fee. (*Id*.) Accordingly, the Funds seek the remaining balance, interest from the date of the arbitration award through the date of judgment, and attorney's fees and costs associated with this motion.

B. Procedural History

On October 12, 2017, petitioners filed a petition in this Court, seeking confirmation of the arbitrator's award, as well as attorney's fees and costs incurred in the instant action. (ECF No. 1.) Petitioners served respondent that same day. (ECF No. 7.) On December 11, 2017, petitioners filed an amended petition. (ECF No. 8.) Petitioners served respondent on December 12, 2017. (ECF No. 10.) To date, respondent has not filed a response or otherwise appeared in this action.

II. CONFIRMATION OF ARBITRATION AWARD

A. Standard of Review

A motion to confirm an arbitral award should be "treated as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The standard of review at the summary judgment stage is well settled. A court may grant a motion for summary judgment under Federal Rule of Civil Procedure 56(a) only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "The moving party bears the burden of showing that he or she is entitled to summary judgment." *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). A court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment unwarranted if "evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party meets its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alterations in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Thus, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars' showing that a trial is needed." *R.G. Grp. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Thus, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

B. Discussion

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1994) provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court.'" *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-CV-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millennium Constr., Inc.*, No. 03-CV-5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

The Supreme Court has recognized that the LMRA expresses a "federal policy of

3

settling labor disputes by arbitration," which "would be undermined if courts had the final say on the merits of the awards." *See United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 36-37 (1987) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). Accordingly, "the courts play only a limited role when asked to review the decision of an arbitrator." *Id.* at 36; *see also, e.g.*, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338, Affiliated with the Retail, Wholesale & Dep't Store Union, AFL–CIO*, 118 F.3d 892, 896 (2d Cir. 1997); *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL–CIO v. Brooks Drug Co.*, 956 F.2d 22, 24-25 (2d Cir. 1992). In this limited role, a court must confirm an arbitration award as long as it "'draws its essence from the collective bargaining agreement' and is not the arbitrator's 'own brand of industrial justice.'" *First Nat'l Supermarkets*, 118 F.3d at 896 (quoting *Misco*, 484 U.S. at 36). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n*, 532 U.S. at 509. Indeed, "serious error," and "improvident, even silly, factfinding do[ ] not provide a basis for a reviewing court to refuse to enforce the award." *Id.* (citations omitted).

Here, the Court concludes that the arbitrator's award draws its essence from the CBA and that it was based on uncontroverted evidence that MM Lakeside Construction had failed to pay $16,342.95 in contributions to the Funds for the period January 1, 2014 through December 31, 2016. The Collection Policy entitles the Funds to recover $16,342.95 in deficiencies (which the Funds recovered), as well as $11,877.78 for interest, liquidated damages, attorney's fees, the arbitrator's fee, and audit costs (which is still outstanding). Finally, nothing in the record suggests "that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constr. Corp.*, No. 14-CV-1560 (GHW), 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) (granting unopposed motion for summary judgment under LMRA). Accordingly, the Court confirms the arbitration award and awards petitioners $11,877.78.

The Court also awards petitioners interest from the date of the arbitration award through the date of judgment, at a rate of nine percent per year. "Whether to award prejudgment interest in an action to confirm an arbitration award is in the discretion of the trial court, but there is a 'presumption in favor of prejudgment interest.'" *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425(JMF), 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)). Although the interest rate is also a discretionary decision, "[t]he 'common practice' among courts within the Second Circuit is to grant interest at a rate of nine percent per annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004—from the time of the award to the date of the judgment confirming the award." *Id.* (quoting *E. Millennium Constr., Inc.*, 2003 WL 22773355, at *3). In light of

the presumption in favor of prejudgment interest, the Court concludes, in its discretion, that petitioners are entitled to such interest at a rate of nine percent per year.

In sum, the Court awards petitioners $11,877.78, as well as prejudgment interest at a rate of nine percent per year from the date of the arbitration award through the date of judgment.

### III. PETITIONERS' ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

Petitioners also assert that they are entitled to attorney's fees and costs incurred in prosecuting this action.

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). Neither LMRA § 301 nor the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* authorizes the award of attorney's fees in an action to confirm an arbitration award. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. TNS Mgmt. Servs., Inc.*, No. 13-CV-2716 (JMF), 2014 WL 100008, at *4 (S.D.N.Y. Jan. 10, 2014); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012). Moreover, although Section 502(g) of the Employee Retirement Income Security Act ("ERISA") requires an award of attorney's fees to a plan that prevails in an action to recover delinquent contributions under a collective bargaining agreement, *see* 29 U.S.C. § 1132(g)(2)(D), "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award," *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011); *accord TNS Mgmt. Servs.*, 2014 WL 100008, at *4; *Dejil Sys.*, 2012 WL 3744802, at *4.

Nonetheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *E. Millennium Constr., Inc.*, 2003 WL 22773355, at *2 (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)); *see also, e.g.*, *TNS Mgmt. Servs.*, 2014 WL 100008, at *4 (collecting cases).

Here, the Court need not decide whether respondent refused to abide by the arbitrator's award without justification because the Collection Policy obligates employers who fail to make timely contributions to the Funds to pay attorney's fees and costs incurred in recovering the delinquent contributions. (*See* Am. Pet. Ex. C arts. 1.1(C)(4), 6.2, 6.3.) This agreement is a sufficient basis upon which to award attorney's fees and costs. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Constr. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) ("Whether [the defendant] had no justification in refusing to comply with the arbitrator's ruling is irrelevant, however, because the Agreement itself requires [the defendant] to pay attorneys' fees incurred by the Trustees in seeking confirmation. . . . Since the parties bargained for the awarding of attorneys' fees in this precise circumstance, the Court respects their agreement and orders [the defendant] to pay the costs incurred by the

Trustees in seeking confirmation of the arbitrator's award."); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Alliance Workroom Corp.*, No. 13-CV-5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (holding that CBA authorized award of attorney's fees and costs in action to confirm arbitration award). Accordingly, the Court concludes that petitioners are entitled to recover attorney's fees and costs.

A. Attorney's Fees

The Court uses the "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate, to calculate reasonable attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). "Both [the Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).

1. Reasonable Hourly Rate

A "reasonable hourly rate" is "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). This Court follows the Second Circuit's "forum rule," which "generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* at 290 (quoting *Simmons*, 575 F.3d at 174). In *Arbor Hill*, the Second Circuit also instructed district courts to consider the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See* 522 F.3d at 190. The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience,

6

reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson*, 488 F.2d at 717-19). "The burden rests with the prevailing party 'to justify the reasonableness of the requested rate.'" *Hugee*, 852 F. Supp. 2d at 298 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Courts in this district have concluded that approximately $200 to $325 is a reasonable hourly rate for senior associates, and that $100 to $200 is a reasonable hourly rate for more junior associates. *See, e.g.*, *Pall Corp. v. 3M Purification Inc.*, Nos. 97-CV-7599 (RRM)(ETB), 03-CV-0092 (RRM)(ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) (collecting cases). Of course, "the range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012).

Here, petitioners request an hourly rate of $225 for Virginia & Ambinder, LLP associates Nicole Marimon and Claire Vinyard. (Am. Pet. ¶¶ 25-26.) Ms. Marimon is a 2014 graduate of Fordham University School of Law and Ms. Vinyard is a 2014 graduate of New York University School of Law. (*Id.*) Ms. Marimon avers that she "has handled the prosecution of several ERISA collection actions" (*id.* ¶ 25) and that "Ms. Vinyard's primary practice area is the representation of multiemployer employee benefit plans in ERISA litigation" (*id.* ¶ 26). Ms. Marimon also avers that the requested hourly rate is "similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions [in the district]." (*Id.* ¶ 28.)

In light of the prevailing hourly rates in this district and all other factors set forth in *Arbor Hill* and *Johnson*, the Court concludes that the hourly rate of $225 is too high, given that Ms. Marimon and Ms. Vinyard graduated from law school in 2014. Given their current level of experience, the Court concludes in its discretion that Ms. Marimon's and Ms. Vinyard's time shall be compensated at $200 per hour.

Petitioners also request an hourly rate of $100 per month for the work performed by legal assistants. (*Id.* ¶ 27.) Petitioners do not identify the legal assistant(s) for whom fees are sought, but upon review of the invoice submitted by petitioners' counsel, it appears that the entries relating to work performed by individuals identified with the initials "MM" and "EC" were performed by legal assistants. (*See id.* Ex. F.) In light of the prevailing hourly rates in this district and all other factors set forth in *Arbor Hill* and *Johnson*, the Court concludes that $90 per hour, instead of $100 per hour, is a reasonable rate for the legal assistants who worked on this case. *See Trs. of Empire State Carpenters Annuity v. C.R. Edwards Constr. Co.*, No. 15-CV-5232 (JFB)(ARL), 2016 WL 6875969, at *6 (E.D.N.Y. Nov. 22, 2016) (awarding $90 per hour for legal assistant). Accordingly, the time for "MM" and "EC" shall be compensated at $90 per hour.

7

2. Reasonable Hours

Having determined a reasonable hourly rate for petitioners' counsel and legal assistants, the Court must determine the reasonable number of hours expended by petitioners' counsel in this litigation.

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Custodio v. Am. Chain Link & Const., Inc.*, No. 06-CV-7148 (GBD) (HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; then quoting *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

Petitioners have submitted a printout of an invoice sent by Virginia & Ambinder, LLP to the Funds for professional services rendered in connection with the instant action. (Am. Pet. Ex. F.) This invoice shows that Ms. Marimon, Ms. Vinyard, "MM," and "EC" billed 4.6 hours on this matter. (*Id.*)

At the outset, the Court concludes that the invoice printout satisfies the contemporaneous records requirement. Courts accept the printout of an invoice that provides "a clear description of the work performed, the time spent on the respective matter, the attorney who rendered services, and the date the services were performed." *Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995); *see also, e.g.*, *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677 (ADS)(ETB), 2012 WL 1078963, at *7 (E.D.N.Y. Jan. 4, 2012), *report and recommendation adopted*, 2012 WL 1078886 (E.D.N.Y. Mar. 30, 2012); *Fuerst v. Fuerst*, No. 10-CV-3941, 2012 WL 1145934, at *4 (E.D.N.Y. Apr. 5, 2012); *New Paltz Cent. Sch. Dist. v. St. Pierre*, No. 02-CV-981 (FJS)(RFT), 2007 WL 655603, at *1-2 (N.D.N.Y. Feb. 26, 2007); *Boster v. Braccia*, No. 06-CV-4756 (JG)(RER), 2007 WL 4287704, at *2 (E.D.N.Y. Dec. 4, 2007). The time record submitted by petitioners provides this information in sufficient detail, as it includes a description of the work performed, the initials of the individual who performed the work, the dates on which the work was performed, and the amount of time spent on the various projects (Am. Pet. Ex. F), and Ms. Marimon avers that it is a contemporaneous time record (*id.* ¶ 24).

In addition, the Court concludes that 4.6 hours is a reasonable number of hours billed, given the description of the tasks performed and the fact that the motion was unopposed. Accordingly, the Court calculates the lodestar figure to be $678.00.

The Court sees no reason to depart from the lodestar figure in this case. *See, e.g., Perdue*, 559 U.S. at 553 (noting that lodestar figure includes "most, if not all," relevant factors in setting reasonable attorney's fees). Therefore, the Court awards petitioners $678.00 in attorney's fees.

B. Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM)(RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*; *accord First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM)(SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). In particular, under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11-CV-5458 (JGK)(DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *report and recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, petitioners request $553.86 in litigation costs for the filing fee, service fees, and postage. (*See* Am. Pet. ¶¶ 30-31; Ex. F.) This cost is recoverable, and the Court has determined that no additional documentation is necessary. *See Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension & Welfare Funds v. Sanders Constr., Inc.*, No. 13-CV-5102 (JFB)(ARL), 2015 WL 1608039, at *6 (E.D.N.Y. Apr. 10, 2015).

Accordingly, the Court awards petitioners $553.86 in costs.

IV. CONCLUSION

For the reasons set forth above, petitioners' motion to confirm the arbitration award in the amount of $11,877.78 is granted. Further, the Court awards petitioners prejudgment interest (from the date of the arbitration award through the date of judgment) at a rate of nine percent per year, $678.00 in attorney's fees, and $553.86 in costs. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: October 5, 2018
Central Islip, New York

\* \* \*

Petitioners are represented by Nicole Marimon and Claire A. Vinyard of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York 10004.